## M. E. BILLINGSLEA v. STATE.

No. A-6322.   Opinion Filed Sept. 29, 1928.
Rehearing Denied Nov. 17, 1928.
(271 Pac. 430.)

64

Hargis & Yarbrough and Lee Williams, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county on a charge of shooting with intent to kill, and was sentenced to serve a term of one year in the state penitentiary. A brief summary of the evidence discloses a state of facts about as follows:

On the day charged, defendant and Henry Wells and several other men were engaged in a crap game in the town of Okesa. All were drinking, and many of the party more or less under the influence of liquor. A difficulty arose between two of the parties, Buck Davis and Jake Ray. They agreed to have a fight, and a bet was made between Davis and Wells as to which could whip. The fight was to be staged at another place. When defendant and Wells reached the place, the fighters had declared a truce, and had started back toward the crap game. Defendant thereupon interposed, and told Buck Davis that he had bet on him, and the fight was to take place, and had Davis give him his gun, which he stuck in his belt, and then applied opprobrious names to Wells. Upon the use of this opprobrious language, Wells struck defendant and clinched him. Thereupon Buck Davis separated them, and defendant

drew his pistol, and Wells got behind one Garrett, and defendant, in attempting to shoot Wells, fired three shots; the first struck Garrett, and one of the other shots struck Wells. At the time of the shooting, Wells was unarmed, and both he and Garrett were begging defendant not to shoot. Practically all the testimony, except that of defendant, shows that he made a wholly unjustified attempt to kill Wells.

After the shooting, at different times the same afternoon, in the presence of the witnesses Tayrien, Undersheriff Graves, and Deputy Sheriff Clewein, he said in substance that he did not intend to shoot Garrett, but intended to kill Wells. When on the stand he testified:

"* * * Q. You were doing your best to kill him, weren't you, at the time you were shooting? A. I sure was; yes, sir. * * *"

Defendant seeks to justify the shooting on the ground of self-defense, and some of his testimony contradicted in some measure the testimony for the state; but in the light of the entire record there can be no serious question but that defendant is guilty as charged, and that the punishment assessed is less than he deserved.

The contentions made are that the court admitted incompetent evidence for the state and excluded competent evidence offered by defendant. We have examined these contentions, and the argument and authorities in support of them. They are wholly without merit. No particular purpose would be served by setting out and discussing them.

Complaint is also made that the court erred in instructions Nos. 5, 6, 7, 8, 11, 12, and 13, and in refusing to give defendant's requested instructions Nos.

2 and 6. Instruction No. 5 defines the crime charged in the language of the statute. Instruction No. 6 simply tells the jury that, in case they found beyond a reasonable doubt defendant did the act as charged, they should find him guilty and fix the punishment. No. 7 relates to self-defense, and, while not happily worded, under the record is not prejudicially erroneous.

Instruction No. 8 also relates to self-defense, and deals with the question of apparent danger, in effect stating that the offensive act upon which the claim of self-defense is made should be such as to make it reasonably appear that the accused was in danger of losing his life or suffering great bodily harm.

Instructions Nos. 11 and 13 relate to threats purporting to have been made by the prosecuting witness. No. 11 is subtsantially correct. No. 13 is not correct. No. 12 refers to apparent danger, and instructs the jury they must view the circumstances from defendant's standpoint. Defendant's requests Nos. 2 and 6 refer to apparent danger and are substantially covered by the court's charge.

Some other matters are briefly argued, but they are not of sufficient importance to require special mention. The instructions, taken as a whole, considered together, fairly state the law of the case, and such errors as appear in the record are not so prejudicial as to require a reversal.

An examination of the entire record convinces us that defendant was very fortunate on receiving a sentence of no more than a year in the state penitentiary. Under the record, a much more severe sentence would be upheld.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.